NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3282

JAMES COE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:   December 11, 2006
_____

Before MAYER, SCHALL, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

James Coe appeals the final decision of the Merit Systems Protection Board, which dismissed his petition for review as untimely and denied his petition for enforcement of a December 2004 settlement agreement with the Postal Service. <u>Coe v. United States Postal Service</u>, 101 M.S.P.R. 575 (2006). We <u>affirm</u>.

We must affirm the board's decision unless it was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial

evidence. <u>See</u> 5 U.S.C. § 7703(c) (2000). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." <u>Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992)</u> (en banc). Coe's sole contention on appeal is that he received ineffective assistance of counsel concerning his December 2004 settlement agreement with the Postal Service and the related proceedings before the board. It does not appear that this argument was presented to the board, in which case it is waived on appeal, <u>Bosley v. Merit Sys. Prot. Bd., 162 F.3d 665, 668 (Fed. Cir. 1998)</u>. In any event, he has failed to establish any deficiency in the representation afforded to him. In addition, apart from any alleged inadequacies of counsel, substantial evidence supports the board's finding that good cause for the delay was not shown because the initial decision clearly provided the procedures and deadline for petitioning the full board. Even after being instructed in a later decision on the proper procedures for filing a petition, Coe delayed filing for forty-three days. Thus, we find no error in dismissing his petition as untimely. And to the extent Coe appeals from the denial of his petition for enforcement, we see no error in the board's action.