# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARGARET J. THOMAS-JORDAN,
Appellant,

v.

DEPARTMENT OF THE ARMY,
Agency.

DOCKET NUMBERS

DA-0752-16-0343-X-1
DA-0752-16-0343-C-1

DATE: March 20, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Margaret J. Thomas-Jordan</u>, Benton, Louisiana, pro se.

<u>Treva Grandpre-Cadres</u>, New Orleans, Louisiana, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

On April 27, 2017, the administrative judge issued a compliance initial decision finding the agency in noncompliance with the Board's final decision in the underlying appeal and granting the appellant's petition for enforcement.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

*Thomas-Jordan v. Department of the Army*, MSPB Docket No. DA-0752-16-0343-C-1, Compliance File (CF), Tab 19, Compliance Initial Decision (CID); *Thomas-Jordan v. Department of the Army*, MSPB Docket No. DA-0752-16-0343-I-1, Initial Appeal File (IAF), Tab 46, Initial Decision (ID). The appellant has filed a petition for review of the compliance initial decision. *Thomas-Jordan v. Department of the Army*, MSPB Docket No. DA-0752-16-0343-C-1, Compliance Petition for Review (CPFR) File, Tab 1. The agency has filed a statement of compliance, asserting that it has complied with the Board's final order. *Thomas-Jordan v. Department of the Army*, MSPB Docket No. DA-0752-16-0343-X-1, Compliance Referral File (CRF), Tab 1.

¶2    For the reasons discussed below, we DENY the appellant's compliance petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). We further find that the agency in now in compliance and DISMISS the appellant's petition for enforcement. 5 C.F.R. § 1201.183(c)(1)).

## BACKGROUND

¶3    The agency removed the appellant from her Federal position as a Project Manager effective April 25, 2016. IAF, Tab 8 at 13. The appellant timely appealed her removal to the Board, raising discrimination and due process claims. IAF, Tabs 1, 9, 14, 28. In a December 12, 2016 initial decision, the administrative judge reversed the appellant's removal on due process grounds and ordered the agency to cancel the removal, retroactively restore the appellant effective April 25, 2016, and provide her the appropriate amount of back pay and benefits in accordance with Office of Personnel Management regulations. ID at 4-8, 24. The administrative judge additionally found that the appellant failed to prove her discrimination claims. ID at 8-23. The initial decision became the Board's final decision after neither party petitioned for administrative review.

¶4      The appellant filed a petition for enforcement of the initial decision, claiming that the agency had not fully complied with the administrative judge's orders. CF, Tab 1. The agency submitted evidence showing that it cancelled the appellant's removal effective April 25, 2016, returned her to duty on January 17, 2017, and paid her back pay in net amount of $36,366.86, which included adjusted gross back pay in the amount of $65,982.08 and interest in the amount of $920.09, minus deductions totaling $30,535.31 for Federal income tax ($20,038.61), Medicare ($953.61), Social Security ($4,077.52), Federal Employment Retirement System (FERS) contributions ($2,045.45), Federal Employee Health Benefit (FEHB) debt ($215.60), life insurance premiums ($28.05), and state income tax ($3,176.47). CF, Tab 4 at 11-12, Tab 6 at 5, 7, Tab 7 at 15. The agency also provided evidence reflecting that the appellant had a number of disputes with the agency's calculation of the back pay award, including the tax and FEHB deductions, but that the Defense Finance and Accounting Service (DFAS) had investigated her concerns and determined the award was correct. CF, Tabs 4-8, 11. The appellant maintained that the agency was not in compliance with the Board's final order. CF, Tabs 12-18.

¶5      In an April 27, 2017 compliance initial decision, the administrative judge found that the agency failed to show that it paid the appellant the appropriate amount of back pay, withheld the correct amount in taxes, or provided her the opportunity to make a retroactive contribution to her Thrift Savings Plan (TSP) account. CID at 4-5. Accordingly, the administrative judge granted the appellant's petition for enforcement and ordered the agency to submit evidence showing that it had correctly calculated and paid the appellant back pay and benefits, made the correct tax deductions, and allowed her an opportunity to make retroactive contributions to her TSP account for the back pay period.[3] CID at 6-7.

---

[3] In the compliance initial decision, the administrative judge stated that the back pay period included the period from April 25, 2016, through January 8, 2017. CID at 6-7. However, the back pay period did not end until January 17, 2017, the day the agency

The administrative judge informed the agency that, pursuant to MSPB regulations, if it decided to take the actions required by the decision, it must submit to the Clerk of the Board a statement that it had taken the actions identified in the compliance initial decision, along with evidence establishing that it had taken those actions. CID at 7-8. In addition, he informed the parties that they could file a petition for review if they disagreed with the compliance initial decision. CID at 8-9.

## DISCUSSION OF ARGUMENTS AND EVIDENCE
## ON REVIEW AND ON COMPLIANCE

Compliance Petition for Review

¶6      On May 31, 2017, the appellant filed a petition for review of the compliance initial decision. CPFR File, Tabs 1-2. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. 5 C.F.R. § 1201.115.

¶7      Here, on petition for review, the appellant does not challenge the administrative judge's specific findings in the compliance initial decision; rather,

---

instructed the appellant to return to work. CF, Tab 4 at 11-12. Although the administrative judge's reference to January 8, 2017, as the end of the back pay period is incorrect, the error appears to be harmless. In evidence later submitted by the agency, it is clear that the agency correctly considered the back pay period as running through January 16, 2017. *E.g.*, CRF, Tab 7 at 7 (reflecting that the agency paid the appellant 48 hours of back pay for the pay period ending on January 21, 2017).

she continues to argue that the agency is in noncompliance with the initial decision and seeks compensatory damages in the amount of $24.2 million to remedy the agency's noncompliance and its alleged discriminatory treatment of her. CPFR File, Tabs 1-2. As to the appellant's request for compensatory damages, the Back Pay Act does not authorize the Board to award compensatory damages to a prevailing appellant. *Wingate v. U.S. Postal Service*, 118 M.S.P.R. 566, ¶ 3 n.2 (2012). In addition, because the appellant did not prevail based on a finding of discrimination, she is not entitled to compensatory damages on that basis. *See id.*

¶8        After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.[4]  Accordingly, we deny the appellant's petition for review and affirm the administrative judge's findings in the compliance initial decision.[5]

Petition for Enforcement

¶9        As noted above, in the compliance initial decision, the administrative judge found that the agency was not in full compliance with the Board's final decision because it had not demonstrated that it correctly calculated and paid the appellant's back pay and benefits, made the correct tax deductions, and allowed her an opportunity to make retroactive contributions to her TSP account. CID at 1-6. Accordingly, the administrative judge ordered the agency to submit

---

[4] We have reviewed the appellant's alleged new evidence submitted on review and have determined that it is either contained in the record below or is not material to her appeal. CPFR File, Tabs 1-2. Therefore, it provides no basis to disturb the compliance initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision); *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (holding that evidence that is already a part of the record is not new).

[5] On July 18, 2017, the appellant filed a motion to enter additional evidence into the record. CPFR File, Tab 8. Because we find the additional evidence immaterial to her petition for review of the compliance initial decision, we DENY the motion.

evidence explaining its calculations and demonstrating that it allowed the appellant an opportunity to make retroactive contributions to her TSP account for the back pay period, as well as evidence that the agency made appropriate adjustments to the back pay amount, employer contributions, and tax liabilities in light of the TSP election. CID at 6-7.

¶10 On June 1, 2017, the agency submitted a response to the compliance initial decision stating that it had taken the ordered actions and was now in compliance with the Board's orders. CRF, Tab 1. The agency asserted that it paid the appellant the correct amount of back pay and interest, minus appropriate deductions, and provided evidence showing that, in addition to the first gross back pay award of $36,366.86, the agency paid the appellant an additional payment in the net amount of $1,344.14, which included adjusted gross back pay in the amount of $1,821.16 and interest in the amount of $39.32, minus deductions totaling $516.34 for Federal income tax ($38.98), Medicare ($23.28), Social Security ($99.55), FERS contributions ($56.44), FEHB debt ($215.60), life insurance premiums ($2.25), state income tax ($57.24), and a voluntary allotment ($23.00).[6] *Id.* at 6-7, 15, 23. The agency stated that the appellant had opted not to deduct FEHB premiums during the back pay period but that she owed a FEHB debt of $1,293.60 for a time period prior to her separation, which resulted in an ongoing deduction from her pay. *Id.* at 6-7, 28.

¶11 Regarding the appellant's TSP benefit, the agency provided a sworn affidavit from a human resources specialist stating that the agency had credited

---

[6] The agency also alleged that the appellant was not ready, willing, and able to perform her duties during at least a portion of the back pay period. CRF, Tab 1 at 8-10. There is no indication, however, that the agency withheld back pay for any part of the back pay period on this basis. CRF, Tabs 1, 7; CID at 4 n. 2 (noting that, although the evidence called into question the appellant's claim that she was ready, willing, and able to perform her duties during the back pay period, the agency apparently accepted her claim as true and paid her back pay without deduction for any period of time in which she may not have been available to report to duty). Accordingly, we need not address the appellant's ability to work during the back pay period.

the appellant's TSP account with the agency automatic (1%) contribution for the full back pay period upon her reinstatement. *Id.* at 38. Regarding the appellant's TSP contributions, however, the human resources specialist explained that the appellant made a hardship withdrawal from her TSP account in February 2016 and that, as a condition of the hardship withdrawal, she could not contribute to her TSP account for 6 months. CRF, Tab 1 at 38, 40. Thus, she was not contributing to her TSP account at the time of her April 2016 removal and was not eligible to resume contributions until September 2016. *Id.* The human resources specialist further explained that, although the appellant was eligible to make up her TSP contributions for the part of the back pay period beginning in September 2016, the agency had been unable to process the makeup contributions because the appellant had not elected a contribution amount or percentage despite being advised to contact the Army Benefits Center to do so. *Id.* at 39, 43. The human resources specialist averred that, once the appellant advised the agency of her contribution election, the agency could process her makeup TSP contributions and that she would receive a debt letter to that effect. *Id.* at 38-39.

¶12　　The appellant responded to the agency's compliance submission on June 20, 2017, arguing that the agency did not explain how it calculated the tax deductions, incorrectly stated she had a FEHB debt, and did not contribute the correct amount to her TSP account, provide her a TSP election form, or tell her to contact the Army Benefits Center to make an election. CRF, Tab 3 at 6-7. She also argued that she should have been eligible to resume her TSP contributions in August 2016 at the latest. *Id.* at 7.

¶13　　In a June 19, 2019 Order, the Board identified technical deficiencies in the agency's compliance submission and requested additional explanation and evidence. CRF, Tab 6. In particular, the Board directed the agency to provide the following: a detailed accounting and explanation of all tax deductions from the back pay award; an explanation of all TSP deductions from the back pay award; evidence demonstrating that the ability to restart TSP deductions was

communicated to the appellant and that she was given an opportunity to do so; legible spreadsheets detailing back pay and deductions for the entire back pay period, along with a narrative explanation of the payments and any deductions; a written explanation of the source and amount of the appellant's alleged FEHB debt; and a narrative explanation of all these payments and deductions. *Id.* at 4. The order advised the appellant that she could reply to the agency's submission within 15 calendar days of service and that, if she did not respond, the Board might assume that she was satisfied and dismiss her petition for enforcement. *Id.* at 4-5.

¶14    On December 10, 2019, the agency responded to the Board's order, asserting again that it was in full compliance with the Board's orders. CRF, Tab 7. In support, the agency provided a detailed sworn declaration from a DFAS analyst and several spreadsheets reflecting the agency's calculations of the back pay owed and appropriate deductions. *Id.* at 6-21. According to the DFAS analyst, the appellant's back pay award was paid in the two installments described above:  the first on March 2, 2017, in the net amount of $36,366.86, and the second on May 25, 2017, the net amount of $1,344.14 to account for the late-processed May 26, 2016 within-grade-increase. *Id.* at 7-14. The DFAS analyst explained that the appellant's FEHB debt arose from the agency paying FEHB premiums on her behalf for 6 pay periods prior to the start of the back pay period and that the debt was being collected one premium ($215.60) at a time out of the appellant's current pay, including one premium out of each back pay installment. *Id.* at 9, 12. Regarding the appellant's TSP contributions, the agency stated that it did not have evidence demonstrating that it had communicated to the appellant that she could restart her TSP contributions because she made a hardship withdrawal through TSP, which is a separate agency. *Id.* at 5. The agency explained that, because the appellant had worked directly with TSP to make the hardship withdrawal, it was unaware of the

hardship withdrawal and would not have known to notify her when she could restart her contributions. *Id.*

¶15 The appellant did not respond to the agency's second compliance submission.

¶16 When the Board reverses a personnel action, it orders that the appellant be placed, as nearly as possible, in the same situation she would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[7] *Id.*; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

¶17 As described above, in the compliance initial decision, the administrative judge found that the agency failed to establish that it had complied with its obligation to pay the appellant the appropriate amount of back pay for the back pay period, that it made the correct tax deductions, and that it allowed her an opportunity to make retroactive contributions to her TSP account for the back pay period. CID. The agency's submissions and the appellant's decision not to respond to the agency's second compliance submission establish that the agency has now reached full compliance with its obligations.

¶18 As set forth above, the agency's submissions demonstrate how it determined the back pay and interest due to the appellant, as well as the appropriate deductions from the total back pay amount, and reflect that it paid the appellant $36,366.86 (adjusted gross back pay of $65,982.08 plus $920.09 in interest minus

---

[7] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

deductions of $30,535.3) on March 2, 2017, and $1,344.14 (adjusted gross back pay of $1,821.16 plus $39.32 in interest minus $516.34 in deductions) on May 25, 2017.  CRF, Tabs 1, 7.  Although the appellant argued that the agency's first compliance submission contained incorrect information and failed to adequately explain its back pay calculations, she did not respond to the agency's second submission, despite being notified both of her opportunity to do so and that the Board might construe her decision not to respond as evidence that she was satisfied with the agency's compliance.  CRF, Tabs 3, 6.  Accordingly, we assume that the appellant is satisfied with the agency's back pay calculations and payments and find the agency in compliance with its obligation to calculate and pay the correct amount of back pay and interest minus appropriate deductions. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009) (assuming that an appellant who did not respond to the agency's evidence of compliance was satisfied with the agency's compliance).

¶19        Regarding the appellant's TSP account, the regulations implementing the Back Pay Act require that an agency correct errors affecting an employee's TSP account consistent with the regulations prescribed by the Federal Retirement Thrift Investment Board.  *Rittgers v. Department of the Army*, 123 M.S.P.R. 31, ¶ 7 (2015); 5 C.F.R. § 550.805(h).  Pursuant to these regulations, the employing agency must give a reinstated employee who would have been eligible to contribute to her TSP account but for the erroneous separation the opportunity to submit a new contribution election for purposes of makeup contributions or to reinstate the contribution election she had on file at the time of her separation for makeup contributions.  5 C.F.R. § 1605.13(a)(2).  The regulations also provide the employee's makeup contributions must be accompanied by attributable agency matching contributions and that, even if the reinstated employee does not elect to make up her employee contributions, the employing agency must make all appropriate agency automatic (1%) contributions associated with the back pay award.  5 C.F.R. § 1605.13(c)(3).

¶20    Here, the record reflects that the agency credited the appellant's TSP account with the agency automatic (1%) contribution for the back pay period but was unable to process her makeup contributions because she was not contributing to her TSP account at the time of her separation and had not made an election of the amount or percentage of her pay for makeup contributions. CRF, Tab 1 at 6-7, 38. In its first compliance submission, the agency explained that, to make such an election, the appellant needed to contact the Army Benefits Center and that, once she did so, the agency could process her makeup TSP contributions. *Id.* at 38-39. The agency also provided a May 24, 2017 email, reflecting that an agency official informed the appellant of the appropriate point of contact regarding her TSP issues and "for an "overview on what is [sic] going to take for you to make contributions for previous pay periods and how it would be processed."[8]    *Id.* at 43. There is no indication, however, that the appellant contacted that person, or anyone in the Army Benefits Center, or that she made an election regarding the amount or percentage of her pay she wanted to retroactively contribute to her TSP account. Accordingly, we find that the agency has taken all of the actions with respect to the appellant's TSP account for the back period that it possibly could have given the appellant's failure to make the necessary election. *See Coe v. U.S. Postal Service*, 101 M.S.P.R. 575, ¶¶ 13-14 (holding that, when an appellant does not cooperate with the agency's efforts to

---

[8] The agency's statement in its second compliance submission that it did not have evidence demonstrating that the appellant was informed that she could restart her TSP contributions or that she was given an opportunity to do so is contradicted by the evidence in its first compliance submission. CRF, Tab 1 at 38, 42, Tab 7 at 5. In particular, the May 24, 2017 email reflects that the agency official provided the appellant the appropriate point of contact to resolve outstanding issues with her TSP makeup contributions. CRF, Tab 1 at 43. Moreover, the agency's first compliance submission informed the appellant of what she must do to enable the agency to process her makeup TSP contributions. *Id.* at 38. Accordingly, notwithstanding the apparently incorrect representation in the agency's second compliance submission, we find that the agency has satisfied its obligation under 5 C.F.R. § 1605.13(a)(2) to give the appellant, as a reinstated employee, an opportunity to submit a new contribution election for purposes of makeup TSP contributions.

achieve compliance, the Board may deny the petition for enforcement), *aff'd*, 208 F. App'x 932 (Fed. Cir. 2006). Moreover, because the appellant did not respond to the agency's second compliance submission, we assume that she is satisfied with the actions it has taken regarding her TSP contributions. *Baumgartner*, 111 M.S.P.R. 86, ¶ 9.

¶21    In light of the foregoing, we find that the agency is now in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must <u>receive</u> your

---

[10]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                 /s/ for

                                             Jennifer Everling
                                             Acting Clerk of the Board

Washington, D.C.